IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARRY C. PRETLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-675-D |
| ) | |
| SHAWN M. GARRISON, RAMON G. ) | |
| MARTINEZ, SCOTT JENNINGS, ) | |
| JAMES CROFOOT, MICHAEL MOWLES, ) | |
| MICHAEL BARRETT, and JOHN DOES 1-6,[1] ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiff's *pro se* filing entitled, "Objection to Removal Jurisdiction" [Doc. No. 6], which the Court has construed as a motion to remand under 28 U.S.C. § 1447(c). *See* Order 7/2/10 [Doc. No. 8]. Defendants have timely responded in opposition to the motion. Plaintiff has filed a reply brief, entitled "Plaintiff's Rebuttal" [Doc. No. 10], as well as a formal "Motion to Remand" [Doc. No. 12]. Because this last filing essentially restates prior arguments, Defendants have responded by simply adopting their prior response. Thus, Plaintiff's Motion is fully briefed and at issue.

Plaintiff brought suit in state court against seven individuals identified by name and others identified as "John Doe" defendants. Plaintiff's original pleading bore the title, "Violation of 42 USC 1985(3)," and stated that it arose under various federal statutes, including 42 U.S.C. §§ 1983, 1985 and 1986, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *See* Notice of Removal, Ex. 2 [Doc. 1-2]. Plaintiff subsequently filed an amended pleading that bore a different title, "Deprivation of Civil Rights / Retaliation." *See* Notice of Removal, Ex. 16 [Doc. 1-16]. This

---

[1] The caption has been modified to correctly list the defendants at the time of removal. *See infra* note 2.

amended pleading superseded the original one and now controls the action. *See Callahan v. Poppell*, 471 F.3d 1155, 1161 (10th Cir. 2006); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).[2]

Plaintiff's amended pleading states that it "arises under the Oklahoma Anti-Discrimination Act," but it cites many of the same statutes, including 42 U.S.C. § 1985, and alleges that Defendants were "agency management officials with the Dept. of the Air Force" who conspired to engage in "discrimination and/or prohibited personnel practices in violation of Title VII, The Civil Rights Act, Oklahoma's antidiscrimination public policy, 42 USC, 29 CFR, 5 USC and various other Air Force policies, rules and regulations." *See* Notice of Removal, Ex. 16 [Doc. No. 1-16], ¶ 1. Specifically, Plaintiff alleges that Defendants, who were persons within his chain of command, created a hostile work environment by harassing Plaintiff with unfounded adverse employment actions, and retaliated against him for engaging in protected activity, such as EEO complaints. *See id.* ¶¶ 2-3. Plaintiff also claims Defendants engaged in defamation of Plaintiff's character and professional reputation. *See id.* ¶¶ 3, 6. Plaintiff alleges, however, that Defendants acted "well outside of [their] 'duties and/or responsibilities' as management officials of the Air Force" and went "outside their respective duties and capacities to harm Plaintiff." *See id.* ¶¶ 5, 9. For relief, "Plaintiff seeks damages as allowed under the law Oklahoma Anti-Discrimination Act and/or 42 USC 1983." *Id.* ¶ 9.

Defendants promptly filed their Notice of Removal alleging that Plaintiff's action was removable pursuant to 28 U.S.C. § 1442(a)(1) "because Plaintiff's state court filing is against officers of the United States sued in their official or individual capacity for acts occurring while acting under the color of such office." *See* Notice of Removal [Doc. No. 1] at 2. The filing was

---

[2] Accordingly, the Notice of Removal unnecessarily listed John R. Johnson, who was dropped from Plaintiff's amended pleading, and mistakenly omitted John Doe 6, who was added.

made by an Assistant United States Attorney, acting on behalf of the United States Attorney, as attorneys for Defendants. *See id*. at 2.

Liberally construing Plaintiff's Motion due to his *pro se* status, Plaintiff challenges whether this Court has subject matter jurisdiction and whether it is proper for the United States Attorney to appear on Defendants' behalf. Plaintiff asserts that he brought a state court lawsuit asserting a private right of action against private individuals under state law, that the United States is not a party, and that there is no basis for an exercise of federal jurisdiction in this case. Plaintiff argues that he intentionally did not sue the United States, which he has named as a defendant in administrative EEO complaints, but that he has sued individual defendants for acts of misconduct that were committed outside the scope of their official duties.

With Defendants' Response, they have filed a certification of the United States Attorney for the Western District of Oklahoma as the Attorney General's designee under 28 U.S.C. § 2679, certifying that the individual defendants were acting within the scope of their employment with regard to the actions alleged in Plaintiff's pleading. *See* Certification [ Doc. No. 9-1]. Upon such certification, by operation of law, the action is "deemed an action against the United States . . . and the United States shall be substituted as the party defendant." *See* 28 U.S.C. § 2679(d)(1); *see also Hui v. Castaneda*, 130 S. Ct. 1845, 1853 (2010) (certification "transforms an action against an individual federal employee into one against the United States"). Although Plaintiff disputes the propriety of the Certification in this case, the law is clear that such certification, if made while the case was pending in state court, would be dispositive of removal jurisdiction and "conclusively establish scope of office or employment for purposes of removal." *See* 28 U.S.C. § 2679(d)(2).[3]

---

[3] A district court "has no authority to return cases to state courts on the ground that the certification was unwarranted." *Osborn v. Haley*, 549 U.S. 225, 241 (2007). If a federal court later determines the certification was incorrect, the federal employee may be re-substituted as the defendant for purposes of trial, but the district court must retain jurisdiction over the case pursuant to § 2679(d)(2). *See id*. at 242, 245.

The only substantial question presented by Plaintiff's Motion is whether the case was removable prior to such certification.

## Discussion

The removal of this case was effectuated under 28 U.S.C. § 1442(a)(1), which covers all federal officers and provides in relevant part as follows:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office
> > . . . .

28 U.S.C. § 1442(a). The Supreme Court has broadly construed this statute and cautioned that "the right of removal is absolute for conduct performed under the color of federal office." *See Arizona v. Manypenny*, 451 U.S.232, 234 (1981). "The primary purpose for the removal statute is to assure that defenses of official immunity applicable to federal officers are litigated in federal court." *Christensen v. Ward*, 916 F.2d 1462, 1484 (10th Cir. 1990) (citing *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969)). Unlike the "well-pleaded complaint" rule applicable to federal question jurisdiction under 28 U.S.C. § 1331, federal officer removal under § 1442(a)(1) is "predicated on the allegation of a colorable federal defense." *Mesa v. California*, 489 U.S. 121, 129 (1989).

In this case, the record clearly supports the propriety of Defendants' removal. The Certification signed by the United States Attorney, "although subject to de novo review, is prima facie evidence that an employee's challenged conduct was within the scope of his employment. The plaintiff then bears the burden of rebutting the scope-of-employment certification with specific facts." *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995). Plaintiff has provided no specific

facts that would rebut the Certification in this case.⁴ Further, Defendants' Motion to Dismiss, which will be addressed by a separate order, makes clear that there exist colorable federal defenses to Plaintiff's claims. For example, Plaintiff's defamation claim is governed by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2670-81, which excepts such claims from the Act's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h).

**Conclusion**

For these reasons, the Court finds that this action was properly removed to federal court. The Court also finds, based on the unrebutted Certification of the United States Attorney, that this action should be deemed an action against the United States and the United States should be substituted in place of Defendants.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. Nos. 6, 12] is DENIED.

IT IS FURTHER ORDERED that the United States shall be substituted as the defendant in place of the individual defendants named in Plaintiff's pleading.

IT IS SO ORDERED this  1ˢᵗ  day of September, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

⁴ The "'scope of employment' is defined by the respondeat superior law of the state where the incident occurred." *Richman*, 48 F.3d at 1145; *see Williams v. United States*, 350 U.S. 857 (1955) (per curiam)). The Oklahoma Supreme Court has held that an employer may be liable even for a criminal act of an employee if the act was incident to some service being performed for the employer; "the answer to the *respondeat superior* issue primarily lies in determining whether [the employee] had stepped aside from her employment at the time of the offending tortious act(s) on some mission or conduct to serve her own personal needs, motivations or purposes." *Baker v. Saint Francis Hosp.*, 126 P.3d 602, 607 (Okla. 2005).