IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BARRY C. PRETLOW,                        )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )        Case No. CIV-10-675-D
                                         )
UNITED STATES OF AMERICA,[1]             )
and JOHN DOES 1-6,                       )
                                         )
            Defendant.                   )

**O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 11], filed pursuant to Fed. R.

Civ. P. 12(b)(1) and (6). The Motion seeks the dismissal of Plaintiff's action, which was originally

brought against individual federal officers and unidentified "John Doe" defendants, on the grounds

of sovereign immunity, federal preemption, and failure of Plaintiff's *pro se* pleading to state a claim

upon which relief can be granted. During the pendency of the Motion, the United States was

substituted for the named individual defendants. *See* Order 9/1/10 [Doc. No. 14] at 5. However,

the issues raised by the Motion are equally applicable to the United States.

Plaintiff, who appears *pro se*, has failed to respond to the Motion within the time period set

by LCvR7.1(g), except in arguments supporting his Motion to Remand [Doc. No. 12]. Liberally

construing Plaintiff's arguments, he contends that his allegations of misconduct by the individual

defendants should be allowed to proceed in state court and that the issues of sovereign immunity and

---

[1] Pursuant to the Order of September 1, 2010 [Doc. No. 14], the United States has been substituted in place of the originally named defendants, who were individual officers of the United States Department of the Air Force.

federal preemption raised in Defendants' Motion are inapplicable to his claims.[2]  By separate Order, the Court has refused to remand the case and now proceeds to rule on Defendants' Motion, which is at issue.

### Factual and Procedural Background

Plaintiff brought suit in state court against seven individuals identified by name and five other "John Doe" defendants.  Plaintiff's original pleading bore the title, "Violation of 42 USC 1985(3)," and invoked various federal statutes, including 42 U.S.C. §§ 1983, 1985 and 1986, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  *See* Notice of Removal, Ex. 2 [Doc. 1-2].  Plaintiff subsequently filed an amended pleading titled, "Deprivation of Civil Rights / Retaliation," which superseded his original pleading.[3]  *See* Notice of Removal, Ex. 16 [Doc. 1-16].  The amended pleading dropped one individual defendant and added another "John Doe 6."

Plaintiff's amended pleading states it "arises under the Oklahoma Anti-Discrimination Act." *See* Notice of Removal, Ex. 16 [Doc. No. 1-16], ¶ 1.  However, it cites many of the same federal statutes, including 42 U.S.C. § 1985, and alleges that the individual defendants were "agency management officials with the Dept. of the Air Force" who conspired to engage in "discrimination and/or prohibited personnel practices in violation of Title VII, The Civil Rights Act, Oklahoma's antidiscrimination public policy, 42 USC, 29 CFR, 5 USC and various other Air Force policies, rules and regulations." *See id*.  Specifically, Plaintiff alleges the individual defendants (who were persons within his chain of command) created a hostile work environment by harassing Plaintiff with

---

[2]  Plaintiff's arguments suggest the "John Doe" defendants, like the named defendants, are superior officers of the U.S. Department of Air Force.  *See id*. ¶ 6.

[3]  *See Callahan v. Poppell*, 471 F.3d 1155, 1161 (10th Cir. 2006); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

unfounded adverse employment actions, and retaliated against him for engaging in protected activity, such as EEO complaints. *See id*. ¶¶ 2-3. Plaintiff also claims the individual defendants engaged in defamation of Plaintiff's character and professional reputation. *See id*. ¶¶ 3, 6. For relief, "Plaintiff seeks damages as allowed under the law Oklahoma Anti-Discrimination Act and/or 42 USC 1983." *Id*. ¶ 9.

The action was removed to federal court by the filing of the Notice of Removal Pursuant to 28 U.S.C. § 1442 [Doc. No. 1]. The individual defendants, represented by an Assistant United States Attorney, alleged that "Plaintiff's state court filing is against officers of the United States sued in their official or individual capacity for acts occurring while acting under the color of such office." *See* Notice of Removal [Doc. No. 1] at 2 (citing 28 U.S.C. § 1442(a)(1)). Subsequently, the United States Attorney for the Western District of Oklahoma, acting as the Attorney General's designee under 28 U.S.C. § 2679(d), certified that the individual defendants were acting within the scope of their employment with regard to the actions alleged in Plaintiff's pleading. *See* Certification [ Doc. No. 9-1]. Pursuant to such certification, this action must "proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of [Title 28] and shall be subject to the limitations and exceptions applicable to those actions." *See* 28 U.S.C. § 2679(d)(4).

## Subject Matter Jurisdiction

"Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacity from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002); *see also Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, (1994). Sovereign immunity is a matter of subject matter jurisdiction and is a defense that may be raised by a motion to dismiss under Rule 12(b)(1). *See E.F.W. v. St. Stephen's Indian High Sch*., 264 F.3d 1297, 1302-

03 (10th Cir. 2001). The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, effects a limited waiver of federal sovereign immunity under certain circumstances. *See United States v. Orleans*, 425 U.S. 807, 813 (1976); *see also* 28 U.S.C. §§ 1346(b), 2674. The FTCA expressly excepts from this waiver "[a]ny claim arising out of . . . libel [or] slander." *See* 28 U.S.C. § 2680(h). Thus, defamation claims against federal employees based on communications made within the scope of their duties are barred by sovereign immunity. *See Cooper v. American Auto. Ins. Co*., 978 F.2d 602, 613 (10th Cir. 1992).

For these reasons, Plaintiff's defamation claim is barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction.

## Failure to State a Claim

Dismissal for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

Although the multiple legal citations in Plaintiff's amended pleading make it difficult to discern his legal theories, the Court accepts Plaintiff's characterization of his action as one arising under state law for actions in violation of the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, §§ 1101-1901. *See* Pl.'s Mot. Remand [Doc. No. 12].[4] However, Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976); *Ford v. West*, 222 F.3d 767, 773 (10th Cir. 2000). Thus, Title VII preempts Plaintiff's employment discrimination claims based on actions taken against him by superior officers of the United States Department of Air Force. *See Ford*, 222 F.3d at 773 (holding Title VII preempted claim under 28 U.S.C. § 1985(3)). However, Plaintiff's amended pleading fails to state a claim for relief under Title VII, which requires exhaustion of administrative remedies as a jurisdictional prerequisite to suit. *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996); *see also Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). Plaintiff's amended pleading specifically alleges there are pending EEO complaints that remain under investigation. *See* Doc. No. 1-16, ¶ 3.

For these reasons, Plaintiff's claims set forth in his amended pleading must be dismissed for failure to state a claim upon which relief can be granted.[5]

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 11] is GRANTED. Plaintiff's defamation claim is dismissed for lack of subject matter jurisdiction; the

---

[4] Although Plaintiff's amended pleading also seeks damages under 42 U.S.C. § 1983, this statute plainly does not apply to federal actors or the federal government, and any § 1983 claim would fail as a matter of law. *See Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997).

[5] Dismissal under Rule 12(b)(6) without leave to amend is proper where amendment would be futile. *See Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

remainder of Plaintiff's action is dismissed for failure to state a claim. Judgment shall be entered accordingly.

IT IS SO ORDERED this 9th day of September, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE